UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT O. GILBERT                                                                                    PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:10CV-380-S

NORTON HEALTHCARE, INC.                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the objections of the defendant, Norton Healthcare, Inc., to the December 21, 2011 Order of the United States Magistrate Judge permitting the plaintiff, Robert O. Gilbert, *pro se*, to amend his complaint to add a claim for failure of Norton to comply with the notification provisions of the Consolidated Omnibus Recovery Act ("COBRA"), 29 U.S.C. § 1166. In reaching this conclusion, the magistrate judge followed the lead of the Fifth Circuit in *Lopez ex rel. Gutierrez v. Premium Auto Acceptance*, 389 F.3d 504, 507-510 (5th Cir. 2004) and cases cited therein which analogized such COBRA notice claims to unfair settlement practices claims. Such analogy is necessary, as the COBRA provision does not contain its own statute of limitations provision. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983)(where no express statute of limitations, borrow most closely analogous statute of limitations from state law).

As the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") does not have its own limitations provision, the magistrate judge looked to KRS 413.120(2) which provides a 5-year limitations period for any "action upon a liability created by statute, when no other time is fixed by the statute creating liability." The magistrate judge thus found that Gilbert's proposed claim for

violation of the COBRA notice provision was not time barred, and permitted the amendment to the complaint.[1]

Norton urged the magistrate judge to analogize the proposed claim (1) to KRS 446.070 which creates a civil cause of action for a person injured by violation of a state statute, (2) to the Kentucky Consumer Protection Act, KRS 367.170, which declares unfair, false, misleading, or deceptive act in the conduct of a trade or commerce unlawful, or (3) to the one-year personal injury statute of limitations. The magistrate judge considered these arguments and rejected them.

Upon *de novo* review of the magistrate judge's legal conclusions, we find them to be sound. We find *Lopez ex rel. Gutierrez, supra.,* upon which the magistrate judge relied, to be persuasive. The court reasoned in *Gutierrez* that the failure to provide statutory notice under § 1166 is most closely analogous to an unfair insurance practice, as an employer's duty under § 1166 to provide notice is related to the provision of insurance. Additionally, the court looked to the nature of the remedy provided for a COBRA notice violation in attempting to characterize the claim.. The court noted that the statute provides for an award of statutory damages for each day in which the notice is not provided as required by § 1166. 29 U.S.C. § 1132(c)(1). This remedy imposes a penalty for failure to comply with the statutory requirement. Thus the court found the claim of a COBRA notice violation most akin to an unfair claims settlement practice. *Id. See also Middleton v. Russell Group Ltd.*, 924 F.Supp.48, 52 (M.D. N.C. 1996)(applying North Carolina general statute of 3 years for action upon a liability created by statute, either state or federal); *Clemons v. Norton Healthcare Inc. Retirement Plan*, 2011 WL 5519823 (W.D.Ky. Nov. 14, 2011)(discussing KRS 413.120(2) 5-yr.

---

[1] He denied Gilbert leave to add claims for fraud and breach of fiduciary duty. There are no objections to that aspect of the Order.

catch-all statute of limitations applied in actions premised upon violation of ERISA statutory protections). We agree.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that, upon *de novo* review, the December 21, 2011 Order of the United States Magistrate Judge (DN 59) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY** and the objections thereto filed by the defendant, Norton Healthcare, Inc., (DN 61) are **OVERRULED.**

**IT IS SO ORDERED.**