UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT O. GILBERT	PLAINTIFF

v.	CIVIL ACTION NO. 3:10-CV-380

NORTON HEALTHCARE, INC.	DEFENDANT

### MEMORANDUM OPINION

This case arises out of a claim by the plaintiff, Robert O. Gilbert ("Gilbert"), that his former employer, Norton Healthcare, Inc. ("Norton"), improperly denied his request for leave pursuant to the Family Medical Leave Act ("FMLA"), and instead fired him. Currently pending before the court are a motion by Norton to dismiss Gilbert's complaint for failure to cooperate in discovery pursuant to Federal Rules of Civil Procedure 37(b) and 37(d) (DN 78) and a motion by Gilbert for leave to file a sur-reply to Norton's motion to dismiss (DN 81). As an initial matter, the motion to file a sur-reply will be granted and the arguments therein have been considered.

The court turns to the motion to dismiss for failure to cooperate in discovery. Gilbert, a *pro se* plaintiff, filed his initial complaint setting forth his FMLA claim on May 27, 2010. In a Rule 16 scheduling order dated October 6, 2010, Magistrate Judge Dave Whalin ordered that discovery be completed by March 30, 2011. On November 15, 2010, Gilbert exchanged emails with Norton's counsel regarding discovery. He demanded receipt of various documents prior to being deposed; Norton's attorneys responded that they would make the documents available to him and would like to know what dates he would be available for a deposition. On December 1, 2010, Judge Whalin held a telephonic conference, wherein he informed Gilbert that he would have to go to the office of

Norton's attorneys to inspect documents and "cautioned [him] to cooperate with defense counsel in scheduling his deposition."

The following week, Gilbert filed with the court documents requesting that Norton's attorneys provide him with available dates for the deposition of four defense witnesses and a date when he would be able to come to the office of Norton's attorneys to inspect documents. In a letter dated December 8, 2010, Norton's attorneys stated that Gilbert could come into their office on January 14, 2011 – a date Gilbert had apparently stated he would be available – to inspect the documents. As to Gilbert's request to depose the defense witnesses, Norton's attorneys stated that they would arrange for Gilbert to take the depositions but that they wished to depose Gilbert first. In a letter dated December 27, 2010, Norton told Gilbert that it was making "another attempt to coordinate [his] review of documents and to request deposition dates from [him]." The letter stated that if the parties could not resolve the issues before a telephonic conference with Judge Whalin scheduled for February 9, 2011, then Norton would request that Judge Whalin dismiss Gilbert's case. On January 19, 2011, Gilbert filed a proposed deposition schedule, which suggested that the four defense witnesses be deposed February 22-25, 2011, and that Gilbert be deposed thereafter, on February 28.

After the February 9, 2011 telephonic conference, Norton moved for an order requiring Gilbert to sit for a deposition. On March 21, 2011, Judge Whalin ordered that Gilbert sit for a deposition within 30 days. Judge Whalin also ordered that Norton provide to Gilbert copies of the documents Gilbert had requested in his November 15, 2010 email, at no cost to Gilbert, within 10 days. Finally, Judge Whalin ordered that Norton make its witnesses available for deposition within 60 days of the order and extended the deadline for discovery until July 15, 2011.

- 3 -

Norton's attorneys again contacted Gilbert by letter in an attempt to schedule his deposition. However, on April 13, 2011, Gilbert filed a motion to hold Norton in contempt for failure to comply with Judge Whalin's order that Norton provide Gilbert copies of particulars documents he sought at no cost to him. Judge Whalin denied Gilbert's motion, finding that Norton had "substantially complied with" his order by providing copies of all the documents.

Thereafter, Norton's attorneys again sought to schedule Gilbert's deposition. In a June 23, 2011 email, Gilbert stated that he was unavailable for a deposition until August 2011. He explained that he was a "full-time, stay at home, single Dad" and his ability to sit for a deposition was dependent on the dates for which the babysitter could watch his children. Norton ultimately noticed the deposition for August 16 and moved for an extension of time until September 13, 2011 to complete discovery, which Judge Whalin granted.

On August 16, 2011, Gilbert appeared for his deposition. However, the parties were unable to complete the deposition after Gilbert failed to produce certain documents Norton had requested under assertions of "impeachment privilege" and "rebuttal privilege." Gilbert also refused to answer certain questions and claimed he could not recall the answers to basic background information. Norton's attorneys sent an email to Gilbert attempting to resolve the discovery disputes, but apparently received no response from Gilbert. On September 2, 2011, Norton filed a motion to compel Gilbert to provide truthful and complete answers to deposition questions and to produce the documents Gilbert claimed were privileged.

On November 16, 2011, Judge Whalin held a hearing on Norton's motion to compel. At the hearing, Gilbert informed Judge Whalin that he did not produce the documents Norton had requested because he had "misplaced" the documents and was "in the process of searching for them." As to

the questions he refused to answer, Gilbert asserted that one of the questions was inappropriate. Gilbert claimed that he simply could not recall the answers to other questions, including what the medical condition for which he sought leave under the FMLA was and what his social security number is. When Judge Whalin reminded Gilbert that he had an obligation to truthfully answer the questions he was asked under oath, Gilbert insisted that he was being truthful about not recalling those matters. Judge Whalin asked Gilbert whether Norton had requested a release to obtain Gilbert's medical records, and Gilbert stated that he "would never give them releases," but would "go to the medical center [him]self and refresh [his] recollection and then will pass it on to them." Judge Whalin responded that Norton had a right to discover relevant evidence, including Gilbert's medical records, and could get a subpoena or an order from the court to get the medical records.

Judge Whalin continued:

> I mean, what you risk is – first of all, I guess they could – there are certain sanctions for not cooperating with discovery, for not legitimately answering questions, okay? And the rule itself provides that a partial or evasive answer is treated as no answer. They could make a motion for the Court to take certain steps as sanctions, up to and including the dismissal of your lawsuit. Now, again, that's a decision that Judge Simpson would likely make, and they would have to make, I would think, a pretty strong showing for your lawsuit to be thrown out.
>
> But understand, Mr. Gilbert, this case has been going on for a while, and I think I've been pretty lenient with you trying to help you get things scheduled and all of that, and I know that Norton's has complained more than once about trying to get your deposition scheduled and things of that nature. I can't practice this case for you. I can suggest to you that you need to be conscious of the fact that there are consequences for you not cooperating in the discovery, okay?

Judge Whalin then directed that Gilbert submit to deposition again and answer the questions he previously had not answered. Judge Whalin stated that he would put it in an order, and direct that the deposition take place within 20 days after the entry of the order "because it's been delayed long enough."

On November 22, 2011, Judge Whalin signed the order granting Norton's motion to compel. The order required Gilbert to sit for deposition within 20 days of the date of entry of the order.[1] The order stated that Gilbert was to answer questions "in good faith and to the best of his ability." It continued, "The Court has warned Gilbert during the hearing that a willful refusal to cooperate with discovery may result in the District Court imposing significant sanctions against him to include the possible dismissal of his lawsuit." However, Judge Whalin stated that he was making "no factual findings on the credibility of Gilbert's testimony about his memory problems," although Judge Whalin noted that Norton was entitled to discovery on the issue of Gilbert's memory loss. Finally, the order found that there was no question that information concerning Gilbert's medical condition for which he sought FMLA leave was discoverable.

Norton's attorneys sent Gilbert a letter to place Gilbert on notice that it intended to obtain his medical and billing records via subpoena duces tecum. On December 1, 2011, Gilbert filed an objection to Norton's subpoena, claiming that his medical and billing records were protected as trial preparation materials. On January 17, 2012, Judge Whalin entered an order overruling Gilbert's objections. Judge Whalin again noted that Gilbert's medical and billing records were relevant, as his FMLA claim put his medical condition in issue. The order also stated, "[T]he Court once again, for the second time in two months, cautions Gilbert that his continuing refusal to cooperate with discovery may possibly result in sanctions being imposed upon him by the District Court, up to and including the sanction of dismissal of his claims."

---

[1] At the time Judge Whalin entered the order granting Norton's motion to compel, two motions filed by Gilbert to amend his complaint to add new claims remained pending. Accordingly, Judge Whalin ultimately extended the 20-day period he imposed for the parties to complete Gilbert's deposition.

In a December 20, 2011 order, Judge Whalin ruled on a motion filed by Gilbert for leave to amend his complaint. In that order, he stated, "Norton shall have 30 days from the [date of entry of the order] in which to arrange the deposition of Gilbert." The parties resumed discussion of dates when Gilbert would be available for a deposition. In a January 4, 2012 email, Gilbert informed Norton's attorneys that he would be unavailable to be deposed on January 19, 2012, but would be "available for deposition (only) on Wednesday January 18, 2012." Norton's attorneys responded that they would be unavailable on January 18, and asked for other dates that Gilbert would be available during the weeks beginning January 16, 23, and 30. Gilbert responded that he had made several attempts to secure childcare for the week of January 16, but was unsuccessful. He also stated that because the weeks of January 23 and 30 were outside the 30 days in which to schedule his deposition pursuant to Judge Whalin's order, he would not be available those weeks. Norton's attorneys requested that Gilbert reconsider his availability during the weeks of January 23 and 30; otherwise, Norton would file a motion with the court. Eventually, Gilbert responded that he would not be available for deposition during the weeks of January 23 or 30, or anytime in February. Gilbert explained that he would be leaving Louisville on January 20 for a "long planned (*extended*) vacation and [would] return to Louisville, Ky. on February 31, 2012 [sic]." Thus, Gilbert proposed that he sit for a deposition on March 1 or 2. Norton's attorneys sent an email to Gilbert confirming that his deposition would be March 1, 2012 at 10:00 a.m and filed a notice to take Gilbert's deposition with the court.

On January 27, 2012, Norton filed a motion to extend the deadline to file dispositive motions. Noting that the deadline had been set for March 5, but Gilbert's deposition would not take place until March 1, Norton requested a deadline for dispositive motions of April 9. In an order

dated February 22, 2012, Judge Whalin granted Norton's motion. In doing so, Judge Whalin stated that he was "compelled to add the following observation based on the content of the recent e-mail exchanged between Gilbert and Norton." Judge Whalin continued:

> Review of the e-mails suggests that a lack of cooperation by Mr. Gilbert in arranging his deposition continues to exists. . . . The Court repeatedly in its orders has cautioned Gilbert that he may be subject to sanction, or even the possible dismissal of his suit, if he does not cooperate with discovery. This order is the third such time the Court has cautioned Mr. Gilbert. Should Gilbert fail to appear for deposition now set for March 1, 2012, the Court will entertain a motion for appropriate sanctions.

On March 1, 2012, Gilbert failed to appear for his deposition. Norton's attorneys called Gilbert twice and left messages for him and also emailed him. After waiting one hour, Norton's attorneys adjourned the deposition. That afternoon, Norton filed a motion to hold all deadlines in the case in abeyance while Norton filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37. Judge Whalin granted the motion on March 7, 2012.

In a March 22, 2012 status conference in a case between Gilbert and Norton in Jefferson County, Kentucky, Circuit Court, Case Number 09-CI-12315, Gilbert told Norton's attorneys that he did not attend his deposition because he was in the emergency room. He provided two documents from Jewish Hospital & St. Mary's HealthCare. One document stated that he was seen in the emergency department on March 1, but did not provide the time he appeared there; the other document was a drug prescription, but the name of the prescribed medication had been blacked out. Additionally, during the status conference Gilbert agreed to be deposed in April. Norton filed a notice to take Gilbert's deposition on April 12, 2012.

On March 28, 2012, Norton's attorneys sent Gilbert a letter advising him of Norton's intent to subpoena medical and billing records from Jewish Hospital & St. Mary's HealthCare. The letter also advised Gilbert that he had until April 12, 2012 to object to the subpoena. On April 11, 2012,

Gilbert sent an email to Norton objecting to the subpoena on the ground that his emergency room visit on March 1 bore no relation to his claims against Norton.

The next day, April 12, 2012, Gilbert sat for his deposition. During the deposition, he was asked what the medical emergency was that prevented him from sitting for a deposition on March 1. He responded, "My emergency, I – I can't recall it right now. I would have to look at my medical billings." Upon further questioning, he stated, "All I know is that when – I just woke up laying in the bed, so I don't know what they did to me, so I would have to look at the records myself." When asked whether he was in an emergency room at the Jewish Hospital downtown, he responded, "I don't remember. All I know was that it was at a Jewish Hospital, so – so once – once again, you know, I will have to look in the records to see which one of their facilities that I was at because I must have been completely out of it." He also stated that he did not recall what time he woke up at the hospital, whether he spent the night in the hospital, how he got home from the hospital, or even if he talked to a doctor at the hospital. Nevertheless, Gilbert reaffirmed his opposition to Norton obtaining his medical records.

Federal Rule of Civil Procedure 37(b)(2) provides for sanctions, including dismissal of an action, where a party has failed "to obey an order to provide or permit discovery." Additionally, Rule 37(d) allows for similar sanctions if a party "fails, after being served with proper notice, to appear for [a] deposition." The dismissal of an action is an appropriate sanction for a party's "conscious and intentional" failures to cooperate with the court's discovery orders. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). In determining whether dismissal is a proper sanction for violating discovery orders, courts should consider the following four factors: (1) whether the party's failure to cooperate was due to willfulness, bad faith, or fault; (2) whether the adversary was

prejudiced by the failure to cooperate; (3) whether the party was warned that a failure to cooperate could lead to dismissal; and (4) the sufficiency of less drastic sanctions. *See id.* The court finds that all the factors indicate that dismissal is proper here.

First, the court finds that Gilbert willfully failed to cooperate with a discovery order in this case when he failed to appear at his deposition on March 1, 2012. Judge Whalin had explicitly stated in an order that Gilbert was required to sit for that deposition or face a motion for sanctions. Although Gilbert suggests that he was at the emergency room at the time the deposition was scheduled to take place, he provides no documentation backing up that assertion. The sole documentation he provided to Norton to show that he visited a hospital on March 1 does not state what time Gilbert was there or why he was there. In testimony Gilbert gave less than two months after he failed to appear for the deposition, Gilbert claimed to have no memory concerning any part of his trip to the emergency room, including why he was there, how long he was there, where the hospital was located, or if he talked to a doctor. However, Gilbert also objected to any attempt by Norton to obtain medical records that could support his account. Because Gilbert does not deign to provide Norton or the court with any information about the supposed hospital trip, the court finds that Gilbert does not have a legitimate excuse for missing the deposition that had been scheduled far in advance and that Gilbert had been warned not to miss by Judge Whalin.

Moreover, the failure to attend the March 1 deposition was hardly the first time Gilbert had failed to obey a discovery order or had acted to obstruct Norton's attempts at discovery in this case. In particular, this court notes that Gilbert was made aware that Norton sought to depose him by November 2010. When Norton filed the instant motion in March 2012, nearly one and one-half years later, it still had not completed Gilbert's deposition. During that time period, Gilbert repeatedly

forced Norton to obtain court intervention in disputes concerning discovery to which Norton was clearly entitled, including for such items as scheduling Gilbert's deposition and obtaining relevant medical documentation. The one and one-half year pattern of obstructionist tactics only furthers this court's conclusion that Gilbert's failure to comply with discovery orders was willful.

As to factor two in the analysis – prejudice – the court has little trouble concluding that the substantial delays caused by Gilbert's failure to cooperate and Norton's having expended time and money to garner the discovery to which they are entitled constitute prejudice to Norton. The presence of factor three – a warning about the possibility of dismissal – is also beyond dispute. First, at the hearing on November 16, 2011, Judge Whalin clearly informed Gilbert that there were sanctions for not cooperating with discovery, including possible dismissal of the action. Then, in Judge Whalin's January 17, 2012 order overruling Gilbert's objections to Norton's notice of intent to subpoena Gilbert's medical records, Judge Whalin again cautioned Gilbert that his refusal to cooperate with discovery could result in sanctions, including dismissal. Finally, in Judge Whalin's February 22, 2012 order granting Norton's motion to extend dispositive deadlines until after Gilbert's March 1, 2012 deposition, Judge Whalin once again warned Gilbert about the possibility of dismissal, and stated that if Gilbert failed to appear on March 1, the court would entertain a motion for sanctions. Thus, Gilbert was warned on three separate occasions that a failure to cooperate with discovery could lead to dismissal.

Lastly, the court finds that the fourth factor is satisfied, in that dismissal of the action, rather than a lesser sanction, is appropriate. As noted above, Judge Whalin repeatedly warned Gilbert to cooperate with discovery, including informing Gilbert that he would entertain a motion for sanctions if Gilbert failed to appear on March 1. Despite those repeated warnings, Gilbert nonetheless willfully

failed to appear for that deposition. And that was simply the last of many obstructionist actions, such as objecting to a subpoena of his medical records even after Judge Whalin had made clear that Norton was entitled to that information. In light of Gilbert's pattern of obstructionist behavior and continuance of such behavior even after being warned of the consequences, the court finds that no lesser sanction than dismissal would be effective in deterring similar conduct by either Gilbert or other litigants.

In sum, Norton's motion to dismiss will be granted and this action will be dismissed with prejudice. A separate order will issue in accordance with this opinion.

cc:   Plaintiff, pro se
       Counsel of Record